Citation Nr: 1719241 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 11-24 068 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUES

1. Entitlement to an initial evaluation in excess of 70 percent for posttraumatic stress disorder (PTSD).

2. Entitlement to a total disability evaluation based upon individual unemployability (TDIU).


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


WITNESSES AT HEARING ON APPEAL

Appellant and his spouse

ATTORNEY FOR THE BOARD

Joseph R. Keselyak, Counsel


INTRODUCTION

The Veteran had active service from June 1967 to May 1970 and October 1974 to February 1997.

This case comes before the Board of Veterans' Appeals (Board) on appeal of August 2013, December 2007 and January 2017 rating decisions by the Department of Veterans Affairs (VA) Regional Office (RO) in Atlanta, Georgia.

The Veteran was afforded a videoconference hearing before the Board in January 2015. A transcript of the testimony offered at the hearing has been associated with the record. 

In February 2015, the Board remanded claims of entitlement to an evaluation in excess of 50 percent for PTSD, entitlement to a compensable evaluation for otitis externa with dizziness and loss of balance, and entitlement to a TDIU. The Board also reopened and remanded claims of entitlement to service connection for numbness in each upper extremity. 

In a January 2017 rating decision, the RO increased the evaluations of otitis externa and PTSD to 30 percent and 70 percent, respectively. These evaluations were granted effective the date of the claims. 

In January 2017, the RO also granted the claims for service connection of numbness (radiculopathy) in each upper extremity. The benefits sought on appeal have thus been granted and these issues are not on appeal. 

With respect to the January 2017 allowance of a 30 percent evaluation for otitis externa, the Board notes that this is the maximum schedular evaluation permitted. See 38 C.F.R. § 4.87, Diagnostic Code 6204. Hearing loss has been separately evaluated. See 38 C.F.R. § 4.85, Diagnostic Code 6100. Thus, the maximum schedular benefits have been awarded for otitis externa with dizziness and loss of balance. See AB v. Brown, 6 Vet. App. 35, 38 (1993). Neither the Veteran nor his representative has raised any other issues, nor have any other issues been reasonably raised by the record. See Doucette v. Shulkin, 28 Vet. App. 366, 369 (2017) (confirming that the Board is not required to address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of record). Accordingly, this issue is not on appeal. 

The issue of entitlement to an initial evaluation in excess of 70 percent for PTSD is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

On May 12, 2017, prior to the promulgation of a decision in the appeal, the Board received notification from the appellant that he desired to withdrawal the appeal of entitlement to a TDIU.


CONCLUSION OF LAW

The criteria for withdrawal of the appeal of entitlement to a TDIU have been met. 38 U.S.C.A. § 7105(b)(2), (d)(5) (West 2014); 38 C.F.R. § 20.204 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C.A. § 7105 (West 2014). An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.204 (2016). Withdrawal may be made by the appellant or by his or her authorized representative. 38 C.F.R. § 20.204. In the present case, the appellant has withdrawn his appeal and, hence, there remain no allegations of errors of fact or law for appellate consideration. Accordingly, the Board does not have jurisdiction to review the appeal and it is dismissed.


ORDER

The appeal is dismissed with respect to entitlement to a TDIU.


REMAND

In February 2015, the Board remanded the claim of entitlement to a higher evaluation for service-connected PTSD for issuance of a Statement of the Case (SOC). See Manlincon v. West, 12 Vet. App. 238 (1999). As noted above, the RO issued a rating decision dated in January 2017 addressing this issue, and granting entitlement to a 70 percent evaluation. However, to date, a SOC has not been issued addressing this issue. A remand by the Board confers on an appellant, as a matter of law, the right to compliance with the remand order. See Stegall v. West, 11 Vet. App. 268 (1998). Accordingly, the claim is once again remanded. 

Accordingly, the case is REMANDED for the following action:

Issue a Statement of the Case addressing the claim of entitlement to an initial evaluation in excess of 70 percent for PTSD, and advise the Veteran and his representative of the period of time afforded for submission of a Substantive Appeal. If one is timely received, the issue should also be returned to the Board.



The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




______________________________________________
MICHAEL A. PAPPAS
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs